SIGMAND DOBROWOLSKI, ADMINISTRATOR AD PROSEQUENDUM OF EDWARD DOBROWOLSKI, APPELLANT, v. MAX HUBBARD, RESPONDENT.

Argued January 21, 1936—Decided June 26, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the appellant, *Theodore D. Parsons* and *Bernard H. Weiser.*

For the respondent, *McDermott & Finegold.*

PER CURIAM.

This case presents a single point and it is whether the plaintiff was entitled to have a portion of the Traffic act read to the jury in a case brought to recover damages for the death of a child killed on the highway by an automobile.

At the conclusion of the trial and after the jury had been charged, one of the jurors asked what was the lawful rate of speed that an automobile could travel at the place of the accident. The accident occurred on a highway running through open country where the limit of speed was forty miles an hour. In response to the juror's question the judge read article IX, section 4 of the Traffic act (*Pamph. L.* 1928, *ch.* 281; *Cum. Supp. Comp. Stat.* 1925-1930, *p.* 1549, § 179-715R(904), defining the various rates of speed permissible to one driving an automobile upon the public highways. The standard of speed so charged ran from ten miles to forty miles an hour according to the circumstances, with the qualification that if such speed is in any case unsafe it would not be lawful.

Counsel for the plaintiff at this point asked the judge to read further or instruct the jury on the law of reckless driving "since the forty miles an hour rate might not apply to this particular case." This request was refused because not in time and not made in writing.

Whether the request was proper in time or form under the circumstances, or whether it was sufficiently specific to entitle appellant to receive affirmative response from the judge, we think it unnecessary to state for the reason that the law as charged fairly covered the rights of the driver of the automobile in the case as presented.

Appellant insists that it was the duty of the judge to read also section 1 of article IX of the Traffic act (*Pamph. L.* 1928, *ch.* 281, *p.* 736; *Cum. Supp. Comp. Stat., p.* 1548, § 179-715R(901), which provides that "any person who shall drive any vehicle upon the highway, carelessly and heedlessly, in willful or wanton disregard of the rights or safety of others, or without due caution and circumspection, and at a speed or in a manner so as to endanger, or to be likely to

endanger, any person or property, shall be guilty of reckless driving, and upon conviction shall be punished as provided in section 2 of this article."

The section is obviously a penal one and in nowise intended to modify or supplant the regulations as to driving contained in section 4. That this is true is clear from the provision of section 2 (*Cum. Supp. Comp. Stat.* 1925-1930, § 179-715R (902) of the same article which provides for severe penalties including fine and imprisonment for violations.

The judgment is affirmed, with costs.